# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ERNEST R. JOHNSON,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0762** (BOR Appeal No. 2054083)
(Claim No. 2015010183)

**WILDCAT ENERGY C/O PATRIOT COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ernest R. Johnson, by Counsel John H. Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wildcat Energy C/O Patriot Coal, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is reopening of the claim for temporary total disability benefits. The claims administrator denied a request to reopen the claim for temporary total disability benefits on July 20, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 19, 2019, Order. The Order was affirmed by the Board of Review on July 26, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson, a heavy equipment operator, injured his right hip, elbow, left hand, cervical spine, and lumbar spine on October 6, 2014, when a bulldozer he was driving struck a rock and rolled over. As a result of his accident, Mr. Johnson also developed post-traumatic stress disorder. On July 12, 2016, he sought treatment from Hassan Jafary, M.D., for depression, lack of injury, and concentration problems. Dr. Jafary diagnosed post-traumatic stress disorder and major depressive disorder. On August 16, 2016, Mr. Johnson returned and reported flashbacks and anxiety. On September 14, 2016, he reported depression, anger, sadness, lack of interest, and nightmares. He was given medication and referred to a counselor for evaluation for attention deficit

1

hyperactivity disorder. On September 20, 2016, Mr. Johnson reported aggression and anger. He was started on new medication. On October 4, 2016, Dr. Jafary noted that Mr. Johnson was seen weekly due to mood swings, agitation, and suicidal ideation. Dr. Jafary noted that he had recently discovered Mr. Johnson had experienced a severe head injury and his symptoms started after. Dr. Jafary suspected a traumatic brain injury. On November 3, 2016, Mr. Johnson reported anxiety and nightmares. He was prescribed counseling. On December 2, 2016, and January 2, 2017, he remained stable.

Rosemary K. Smith, Psy.D., performed a psychological evaluation on January 31, 2017, in which she noted that her testing suggested less than full effort. Mr. Johnson was functioning in the low average range of intelligence. On February 10, 2017, Timothy Thistlethwaite, M.D., performed an independent medical evaluation in which he noted that Mr. Johnson returned to work in December of 2014 and was laid off in March of 2015 for "making unsafe decisions". Dr. Thistlethwaite diagnosed unspecified depressive disorder, unspecified anxiety, and unspecified personality disorder. He stated that substance abuse disorder and post-traumatic stress disorder needed to be ruled out. Dr. Thistlethwaite opined that Mr. Johnson appeared to be exaggerating his symptoms.

In a March 20, 2017, treatment note, Dr. Jafary stated that Mr. Johnson was psychiatrically stable but was unmotivated. On May 8, 2017, Dr. Jafary made a note to rule out bipolar disorder. On September 15, 2017, Mr. Johnson reported multiple suicide attempts in the past year. Dr. Jafary recommended hospitalization and indicated that Mr. Johnson was not psychiatrically stable. He updated his diagnoses to include bipolar disorder. October 17, 2017, Dr. Jafary updated his diagnosis to rule out bipolar manic depressive and stated that Mr. Johnson was stable. On January 3, 2018, it was noted that Mr. Johnson was not taking his medications but that he was psychiatrically stable. On February 1, 2018, Dr. Jafary noted that Mr. Johnson reported depression and opined that Mr. Johnson was not psychiatrically stable.

Steven Cody, Ph.D., performed an independent psychological examination on January 22, 2018, in which he found that Mr. Johnson remained substantially impaired due to severe depression and anxiety. He suggested an intensive program. A mental impairment questionnaire was completed by Dr. Jafary on February 21, 2018, in which he stated that Mr. Johnson had impairment which would last at least twelve months. He would be unable to maintain attention, work with others without distraction, accept instructions, respond appropriately to criticism, get along with coworkers, or deal with normal work stress.

On July 16, 2018, Mr. Johnson requested that his claim be reopened for temporary total disability benefits from February 10, 2017, through June 4, 2018. Dr. Jafary completed the physician's section and stated that Mr. Johnson sustained an aggravation of his compensable condition. The claim was held compensable for post-traumatic stress disorder on October 24, 2018. It was noted that the claim was previously held compensable for lumbar strain, neck sprain, and open forehead wound and that Mr. Johnson was granted a 7% permanent partial disability award.

The claims administrator denied the request to reopen the claim for temporary total disability benefits on July 20, 2018. The Office of Judges affirmed the claims administrator's

2

decision in its March 19, 2019. It noted that the claims administrator gave the following six reasons for denying the reopening: (1) Mr. Johnson had not worked since March 21, 2015, and he was granted a permanent partial disability award, indicating he was permanently disabled prior to and during the period he requests temporary total disability benefits, (2) there was no progression or aggravation of a compensable injury based on Dr. Jafary's notes, (3) Dr. Jafary documented several noncompensable conditions, including manic depressive disorder and bipolar disorder, (4) Mr. Johnson requested benefits starting February 10, 2017, which is also the day that Dr. Thistlethwaite evaluated him and opined that he was exaggerating his symptoms, (5) Mr. Johnson was granted a permanent partial disability award and is therefore ineligible for temporary total disability benefits, and (6) Dr. Jafary did not certify disability from February 10, 2017, to March 20, 2017, because he did not treat Mr. Johnson during that time.

The Office of Judges found no evidence of record specifying what psychiatric diagnoses are compensable in the claim. Specifically, the record does not indicate whether traumatic brain injury is a compensable condition. The Office of Judges questioned whether traumatic brain injury was a compensable condition because Mr. Johnson stated to Dr. Jafary that he was injured on heavy equipment. Mr. Johnson later reported to Dr. Jafary that he sustained a frontal lobe injury and that he was in a car accident. He then denied remembering a car accident. Given the inconsistencies, the Office of Judges concluded that the condition had likely not been held compensable. The Office of Judges found that the majority of Dr Jafary's treatment notes concluded that Mr. Johnson was psychiatrically stable, and the notes failed to address his ability to work. The Office of Judges found two reports that opined Mr. Johnson was not psychiatrically stable, but the Office of Judges could not identify any specific, extended time period that he was disabled. Lastly, the Office of Judges found that Dr. Jafary's assertion that Mr. Johnson sustained an aggravation or progression of his condition was based on the reports of Drs. Smith, Thistlethwaite, and Cody. Dr. Smith found that Mr. Johnson may not have given full effort on his tasks. Dr. Thistlethwaite also found that Mr. Johnson was not completely forthcoming and that he could be exaggerating his symptoms. Dr. Cody determined that it was difficult to determine the extent of Mr. Johnson's purely neurocognitive issues. The Office of Judges ultimately concluded that there was no evidence of a progression or aggravation of Mr. Johnson's condition from February 10, 2017, lasting until June 4, 2018. Dr. Jafary's treatment notes on January 2, 2017, and March 20, 2017, indicate he was stable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 26, 2019.

After review, we agree with the conclusions of the Office of Judges as affirmed by the Board of Review. The treatment notes fail to support Mr. Johnson's request to reopen the claim for temporary total disability benefits. Dr. Jafary found in the vast majority of the notes that Mr. Johnson was psychologically stable. In the two treatment notes that he found Mr. Johnson to be unstable, Dr. Jafary did not relate the instability to a compensable condition. Further, there are multiple indications in the record that Mr. Johnson may be exaggerating his symptoms. Mr. Johnson failed to show that he sustained an aggravation or progression of his compensable injury which would entitle him to a reopening of his claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman

4